UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KATHY S. WILLIAMS                                                                                   PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:13-cv-01013-CRS

PATRICK R. DONAHOE,
Postmaster General, U.S. Postal Service                                                             DEFENDANT

## **MEMORANDUM OPINION**

Defendant United States of America moves this Court to enter summary judgment in its favor. The Court will grant the United States' motion.

## **BACKGROUND**

This is an employment discrimination case involving a United States Postal Service ("USPS") employee, Kathy S. Williams.

In October 2001, Williams sustained a work-related injury. Subsequently, the United States Department of Labor accepted her Worker's Compensation claim and began providing her Worker's Compensation benefits.

In September 2009, Williams entered into a rehabilitative modified position with the USPS. This position ensured Williams would lift no more than 15 pounds; not repetitively lift more than 5 times per hour; not engage in other repetitive activity more than 45 minutes per hour; not work more than 5 days weekly; and not repetitively push, pull, or lift with her right should and arm. *See* Reemployment/Reassignment Offer, ECF No. 42-1. Her job responsibilities

1

in this position included processing passports, window duties, phone duties, dealing with undeliverable bulk business mail, and clearance clerking. *See* Rehabilitation Program Position Description for Kathy Williams, ECF No. 42-1.

Williams' doctor indicated in June 2010 that, among other restrictions, Williams should be limited to working 5 days per week. *See* Kathy Williams Daily Status Report June 3, 2010, ECF No. 42-1. In May 2011, the Office of Worker's Compensation referred Williams to another doctor for an additional medical opinion. The following July, that doctor said that Williams no longer had a disability as a result of her work history. *See* Stanley Collis Letter July 5, 2011, ECF No. 42-1. Subsequently, the Office terminated Williams' Worker's Compensation benefits. Williams appealed this determination.

In the background of these determinations, the American Postal Workers Union, AFL-CIO entered into a new Collective Bargaining Agreement effective from November 21, 2010 through May 20, 2015. Under this agreement, Williams' position would be transitioned into a new, Non-Traditional Full-Time ("NTFT") position. The USPS notified Williams of this change and informed her that the new position would require her to submit a new "bid" for the job. *See* Abbreviated Award Notice, ECF No. 42-1. If she failed to submit a bid, the USPS would assign her to a different position.

The NTFT position required an employee to distribute mail, work the office's window, and assist in closing, administrative, and other duties. An additional notable difference was that the new position required a 6-day work week. In bidding for the position, those currently working at the USPS with "light or limited duty assignment due to a temporary disability" were required to submit "medical certification indicating that [the applicant] will be able to fully

perform the duties of the bid assignment within six months of the bid[.]" Abbreviated Pre-Award Notice, ECF No. 42-1. The parties agree that Williams did not submit this medical documentation. *Id.; see also* EEO Investigative Affid. 92, ECF No. 42-1.

The USPS did not award Williams the new position due to the lack of submitted medical documentation. EEO Investigative Affidavit 92, ECF No. 42-1. Williams was re-assigned to a different position at different location with the USPS in Louisville.

In March 2012, Williams filed an Equal Employment Opportunity ("EEO") complaint alleging discrimination on two grounds: disability and retaliation. Williams appealed the initial agency denial of her complaint to the Equal Employment Opportunity Commission ("EEOC"). The EEOC affirmed the denial. Williams now brings suit contesting that decision.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**DISCUSSION**

1. Improper Discrimination

Williams claims that the USPS improperly discriminated against her as a qualified individual with a disability. The United States appropriately moves for summary judgment on this claim as Williams has not established a prima facie case of discrimination or shown evidence of direct discrimination.

The Rehabilitation Act prohibits the USPS from discriminating against a qualified individual with a disability "solely by reason of her or his disability." 29 U.S.C. § 794(a). In employment discrimination matters arising under this Act, the Court applies the same standard as it would under Title I of the Americans with Disabilities Act. *See* 29 U.S.C. § 794(d). "The ADA and the Rehabilitation Act both prohibit discrimination against the disabled—but the Rehabilitation Act, unlike the ADA, expressly prohibits discrimination solely on the basis of disability." *Lee v. City of Columbus, Oh.*, 636 F.3d 245, 250 (6th Cir. 2011).

Williams may prove disability discrimination under the *McDonnell Douglas* burden-shifting framework. *Demyanovich*, 747 F.3d at 433; *see also*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

A prima facie case for disability discrimination under the Rehabilitation Act requires Williams to show that she (1) is disabled; (2) is otherwise qualified for the position, with or without reasonable accommodation; and (3) suffered an adverse employment action. *See Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007). She must also show that (4) her employer "knew or had reason to know of the plaintiff's disability" and (5) that the employer replaced her with a nondisabled individual or that the position remained open. *Id.* Williams may prove the fifth

4

element by "showing that similarly situated non-protected employees were treated more favorably." *Id.*

> The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position.

29 C.F.R. § 1630.2(m).

Williams argues she was qualified for the NTFT position because she "performed the job for 11½ years and was therefore qualified for the job." Resp. 6, ECF No. 49. In her own statement, however, Williams says that this is a different job from the one she previously held. *See* EEO Investigative Affidavit 92. While there were similarities between the jobs, the new position required mail distribution duties and included a 6-day work week instead of her previous 5-day week. *Id.*

As her previous position was considered a light or limited duty assignment due to a temporary disability, the USPS required her to submit medical certification she could perform the duties of the new assignment. Williams never submitted the proper medical documentation. She acknowledges that she did not submit this documentation out of fear it would imperil her Worker's Compensation appeal, where she maintained that she was entitled to continued benefits for a disability. *Id.* Without submitting the required documentation, regardless of how it would affect other administrative proceedings, Williams does not meet the criteria for a qualified individual with a disability. Her experience working a job with some overlapping duties is not enough, especially when her previous assignment limitations (for example, only a 5-day work week) would not be compatible with the new position. Williams has not established a prima facie case for disability discrimination.

Alternatively, Williams may also prove improper discrimination through showing direct evidence of discrimination. Direct evidence must show that the unlawful discrimination was the "but for" cause of the employment decision. *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

Williams argues that the USPS removed her from her position because the Department of Labor's doctor said Williams was no longer disabled. However, the position Williams complains the USPS removed her from was a new position she never held. Williams' own description of this position confirms its divergence from her previous post. *See* EEO Investigative Affid. 92, ECF No. 42-1 (noting that the new position added the duties of mail distribution and included a 6 day work week).

Regardless, the evidence shows that the USPS did not assign Williams to the new position because she failed to submit the required medical documentation – not due to her disability. Williams admits that the only way for her to receive this new position was to file the necessary medical paperwork. *Id.* She did not file this paperwork. *Id.* Therefore, her disability was not the but-for cause for her re-assignment and Williams has not shown direct evidence of discrimination.

As Williams has not shown direct evidence of discrimination or sufficiently shown a prima facie case of discrimination, her discrimination claim fails as a matter of law.

2. Retaliation

Williams also alleges that the USPS retaliated against her in not accepting her bid for the new NTFT position. "To prove a claim for retaliation, a plaintiff must demonstrate: that she engaged in protected activity; that the exercise of her civil rights was known by the defendant; that defendant thereafter took adverse employment action; and that a causal connection exists between the protected activity and the adverse employment action." *Walborn v. Erie Cty. Care Facility*, 150 F.3d 584, 588-89 (6th Cir. 1998); *see also Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008); *Baker v. Windsor Republic Doors*, 414 F. App'x 764, 776 (6th Cir. 2011). After Williams demonstrates her prima facie case, the United States has the burden to show a legitimate and lawful reason for its action. *Imwalle*, 515 F.3d at 543. If the United States meets this burden, Williams "must then demonstrate by a preponderance of the evidence that the legitimate reason offered by the defendant was not its true reason, but instead was a pretext designed to mask retaliation." *Id.* (citing *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 862 (6th Cir. 1997)).

Williams alleges the USPS retaliated against her for her prior Equal Employment Opportunity Activity. Williams has not offered any proof of a causal connection between any alleged Equal Employment Opportunity activity and the USPS' rejection of her bid for the new NTFT position. Indeed, Williams' filings in this matter do not identify any specific Equal Employment Opportunity activity or refer to any particular case numbers or matter dates. This inadequacy is underpinned by Williams' failure to even respond in her response briefing to the United States' motion for summary judgment on the retaliation claim. This constitutes waiver of that claim.

The Court will find for the United States as a matter of law on the retaliation claim.

## CONCLUSION

The Court will grant the United States' motion for summary judgment.

The Court will enter a separate order in accordance with this opinion.

May 4, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**